**Lela J. STEWART, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant—Appellee.**

**No. 07–35877.**

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2009.*

Filed March 18, 2009.

Paul Bradford Eaglin, Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dorrelyn K. Dietrich, Esquire, Social Security Administration General Counsel's Office, Region VIII, Denver, CO, Leif Johnson, Assistant U.S., Office of the U.S. Attorney, Billings, MT, for Defendant–Appellee.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

Lela Stewart ("Stewart") filed for supplemental insurance income on December 18, 2002 and for disability benefits on January 18, 2003. The Administrative Law Judge ("ALJ") found Stewart not disabled because she could return to her past relevant work as an office clerk. The district court affirmed. We affirm the district court's decision because substantial evidence in the record supports the ALJ's finding that Stewart is not disabled.

This court reviews a district court's decision upholding the denial of social security benefits de novo. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir.2008). "The Social Security Administration's disability determination should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Social Sec.*, 528 F.3d 1194, 1198 (9th Cir.2008).

■ Stewart argues that the ALJ's decision is not supported by substantial evidence based on two asserted errors. She first argues that the ALJ improperly relied on residual functional capacity opinions of Stewart's doctors to determine the severity of Stewart's impairments and Stewart's residual functional capacity. Social Security Ruling ("SSR") 96–5p instructs adjudicators to "not assume that a medical source using terms such as 'sedentary' and 'light' is aware of [the SSA's] definitions of these terms." 1996 WL 374183, at *5. The ALJ did not rely on vocational assessments to determine whether Stewart's impairments were severe. There is also no evidence that the ALJ improperly equated medical sources' use of terms such as "sedentary" and "light" with the meaning of these terms under Social Security Administration regulations. The ALJ evaluated Stewart's entire medical record, which included statements by her doctors about what activities she could and could not do, and made his own residual functional capacity determination.

■ Stewart next argues that the ALJ erred by improperly rejecting the opinion of Stewart's counselor, Joan Christiansen. There is substantial evidence to support the ALJ's decision to discount Christiansen's opinion. First, her opinion was inconsistent with other medical sources in the record. Dr. Trontel, Dr. Rushworth, and Dr. Bateen all determined that Stewart's mental impairments were not severe. Second, Christiansen is not an acceptable medical source under 20 C.F.R. § 404.1513(a). "The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because ... 'acceptable medical sources' 'are the most qualified health care professionals.'" SSR 06–03p, 2006 WL 2329939, at *4. The ALJ

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adequately explained that he gave less weight to Christiansen's opinion because of these two factors.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.